**GAC CREDIT CORPORATION,**
Plaintiff,

v.

**SMALL BUSINESS ADMINISTRATION,**
Defendant.

No. 17616-4.

United States District Court,
W. D. Missouri, W. D.

Feb. 18, 1971.

---

G. William Frick, Kansas City, Mo., for plaintiff.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## DECLARATORY JUDGMENT: FINDINGS OF FACT AND CONCLUSIONS OF LAW

HUNTER, District Judge.

This is an action brought pursuant to the provisions of 28 U.S.C. § 2201 for declaratory judgment to determine the priority of certain security interests claimed by the plaintiff, GAC Credit Corporation, and the defendant, Small Business Administration, in the inventory of a debtor, Alberts Appliance Company. Jurisdiction is founded upon the provisions of 15 U.S.C. § 634(b) (1).

On September 23, 1968, the American National Bank of St. Joseph, Missouri, loaned to the debtor the sum of $300,000 for the purpose of satisfying certain outstanding indebtedness of the debtor. A note was executed by the debtor and, to insure security for the note, a security agreement was executed by the debtor pledging all of its inventory as collateral. That security agreement included a clause covering as collateral for the note "all inventory of merchandise held for resale, including but not limited to appliances * * * now owned or hereafter acquired" by the debtor. Shortly thereafter, proper financing statements were filed with the Recorder of Deeds of Buchanan County, Missouri, and the Secretary of State of Missouri.

On April 4, 1969, the American National Bank assigned the note, the security agreement, and the financing statements to the defendant. Shortly thereafter, on April 20, 1969, the debtor defaulted in the payments required by the note and the defendant repossessed and took possession of all of the inventory of the debtor.

On October 24, 1968, the plaintiff also entered into a credit agreement with the debtor. Under the terms of this agreement, plaintiff agreed to advance to the Alberts Appliance Company certain sums of money for the purchase of inventory consisting of "RCA merchandise." In accordance with this agreement, the debtor executed a security agreement which gave the plaintiff a security interest in the "RCA merchandise" thereafter received as inventory by the debtor. On November 6, 1968, plaintiff filed the appropriate financing statements with the Recorder of Deeds and the Missouri Secretary of State. Those financing statements described

the collateral covered by their agreement as "RCA Merchandise; Stereos, Radios, Television or the like or any combination thereof. * * * "

On November 7th or 8th, 1968, after the filing of plaintiff's financing statements, but before the debtor received any of the inventory merchandise covered by the agreement between the plaintiff and the debtor, plaintiff's branch manager, G. N. White, telephoned the Senior Vice President of the American National Bank, Benton M. Calkins, Jr. Calkins, as an officer of the Bank, was responsible for the Alberts Appliance Company account, and he knew that the plaintiff was a finance corporation which had "floor planned" merchandise for the debtor in the past. In fact, Calkins knew that a portion of the proceeds of the loan made by the bank to the debtor had been used to satisfy pre-existing debts owed by the debtor to the plaintiff. Calkins also realized that White was a representative of the plaintiff. During the telephone conversation, White told Calkins that the plaintiff intended to "floor plan" certain "RCA merchandise" for the debtor on a "secured money interest." Although Calkins testified that he could not remember any use of the term "secured money interest" during the course of the conversation, it is apparent from his testimony that he realized at the time that plaintiff intended to claim a security interest in inventory consisting of "RCA merchandise" which the debtor was to subsequently acquire.[1]

The sole issue presented for determination by the Court in this proceeding is whether the above-mentioned telephone conversation operated to give the Bank, as holder of an existing security interest on "after-acquired" inventory, sufficient notice under Mo.Rev.Stat. § 400.9–312 of plaintiff's intent to take a subsequent security interest in the inventory property now in issue.[2] Both parties agree that if this telephone conversation satisfies the notice requirements of Mo.Rev. Stat. § 400.9–312(3) (b) & (c), and related statutory sections, the plaintiff holds a "perfected" security interest in the property which is superior to that of the defendant's. Conversely, if the telephone conversation between White and Calkins does not meet the notice requirement of Section 400.9–312, defendant, as assignee of the Bank, holds a superior security interest.

Under the provisions of Mo.Rev.Stat. § 400.9–312, "a purchase money security interest in inventory collateral has priority over a conflicting security interest in the same collateral if (a) the purchase money security interest is perfected at the time the debtor receives possession of the collateral; and (b) any secured party whose security interest is known to the holder of the purchase money security interest * * * has received notification of the purchase money security interest before the debtor receives possession of the collateral covered by the purchase money security interest; and (c) such notification states that the person giving the notice has or expects to acquire a purchase money security interest in inventory of the debtor, describing such inventory by item or type."[3] Defendant urges that

1. Calkins testified that under a "floor plan" agreement he knew that plaintiff would be advancing funds to the debtor so that the debtor could acquire merchandise. He also testified that he knew that plaintiff would claim a security interest in the merchandise covered by a "floor planning" agreement.

2. Counsel for both parties have done an excellent job in narrowing the issues presented for judicial determination. By stipulation, the parties have eliminated virtually all collateral issues regarding

"perfection" of their respective security interests. Thus, a final disposition of this action turns upon the basic issue stated above.

3. The Drafter's Comment to this statutory section indicates that the requirement of notification in addition to the requirement of "perfection" of the security interest was designed to protect the holder of a security interest on "after-acquired" inventory who typically makes periodic advances against incoming inventory. Presumably, that creditor will not ad-

the telephonic communication from White to Calkins was insufficient to give the Bank "notification" as required by Section 400.9–312 because (1) another Missouri statutory section, § 1.190, requires that written notice be given, and (2) that the description "R.C.A. Merchandise" did not satisfy the requirement of § 400.9–312(3) (c) that the inventory must be described "by item or type."

■ Under the provisions of Section 400.1–201(25), a person has notice of a fact for the purposes of Chapter 400, Mo.Rev.Stat., when "(a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists." And, under Section 400.1–201(26) (c), a person "receives" notice or notification when "it comes to his attention." Neither Subsection (25) or (26) of Section 400.1–201 requires written notice as the sole method of notification. In fact, the Missouri Code Comments expressly state that, for the purposes of Chapter 400, the provisions of Section 400.1–201(26) change the existing Missouri law.[4] Thus, it is apparent that the telephone conversation between White and Calkins constituted "notification" as required by the provisions of Section 400.-9–312.

■ There remains defendant's contention that the term "R.C.A. Merchandise" was not a sufficient description of the inventory collateral to be covered by plaintiff's security agreement. Under Section 400.9–110, "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."[5] During the hearing in this cause, Calkins testified that the purpose of White's telephone conversation was to discuss the possibility of "furnishing merchandise or money for merchandise for Alberts to have additional TV sets and so forth to sell them." Thus, it is apparent that Calkins, as a representative of the Bank, was aware that plaintiff intended to take a security interest in inventory consisting of R.C.A. television sets and related items, the type of articles now in dispute. In light of these circumstances, it is the opinion of this Court that such description was sufficient for the purposes of Sections 400.9–110 and 400.9–312.[6] See, for example: Howarth v. Universal C.I.T. Credit Corp., 203 F.Supp. 279, 287 (W. D.Pa.1962); National Cash Register Company v. Firestone & Company, 346 Mass. 255, 191 N.E.2d 471 (1963).

Accordingly, declaratory judgment is hereby granted in favor of the plaintiff and against the defendant in accordance with the above-stated terms of this order.

It is so ordered.

---

vance further funds on incoming inventory after he has been notified by another lender that such goods are already subject to an existing security interest.

4. The Missouri Code Comments distinguish Section 1.190 which generally prescribes how notices are to be served from Section 400.1–201(26) which describes the receipt of notice for the purposes of the Uniform Commercial Code.

5. The Missouri Code Comments indicate that the so-called "serial number" test which required detailed description of collateral has been abandoned in favor of a practical "does it do the job" test. See, for example: In re Drane, 202 F. Supp. 221 (W.D.Ky.1962).

6. It has been emphasized that a description of personal property should be liberally construed where the articles are numerous and are of a relatively small value on a unit basis. See: Secured Transactions Under the Uniform Commercial Code, § 19.05 [1], pp. 2005–2006 (1969 ed.).