CLUNE EQUIPMENT LEASING CORPORATION, Plaintiff-Respondent,

v.

Richard M. SPANGLER, Defendant-Appellant.

No. 11730.

Missouri Court of Appeals, Southern District, Division Two.

April 20, 1981.

No appearance for plaintiff-respondent.

John S. Pratt, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was sued as the guarantor of an office furniture "lease". He appeals from a judgment entered against him in accordance with a jury verdict.

Defendant has two points relied on: (1) that the trial court erred in refusing an instruction directing a verdict for him if he failed to receive "reasonable notification of the time and place of sale of the property"; and (2) that the court erred in failing to give an instruction withdrawing from consideration of the jury the assessing of interest because he guaranteed "rentals" and not interest.

We consider initially defendant's first point. Defendant contends that the "lease" was actually a financing instrument subject to the provisions of the Uniform Commercial Code, and that under § 400.9–504(3), RSMo 1978 [1], he was a "debtor" entitled to notice of sale. At the time the lease was entered into defendant was president of the corporate lessee. After default in the lease payments, the leased items were sold to different parties at different times. Defendant testified that he was no longer involved with the lessee and had no notice of these sales. Plaintiff offered no evidence that it sent notice to defendant or that he had notice of the sales, but claims that the property was sold by the lessee who had "daily contact" with defendant. Defendant does not contend that plaintiff has the burden to show notice of sale and asks only for a new trial, so we do not decide if plaintiff's failure to show notice at the trial should have entitled defendant to a favorable judgment.

Article Nine of the Uniform Commercial Code—Secured Transactions, applies to security interests created by contract, including title retention contracts and leases intended as security. § 400.9–102(2), *RCA Corporation v. State Tax Commission of Missouri*, 513 S.W.2d 313, 316 (Mo.1974). Under § 400.1–201(37), an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration makes the lease one intended for security. While this provision does not necessarily make such leases security devices as a matter of law [*RCA Corporation v. State Tax Commission of Missouri*, supra, 513 S.W.2d at 318], we believe it does under these facts. Plaintiff keeps no inventory

1. All references to statutes are to RSMo 1978.

and just purchases items at the request of others who wish to possess them. If the lease is complied with, the lessees can purchase the goods at the end of the lease period for one dollar. The real character of the document is not determined from its technical form but from the intentions of the parties. *RCA Corporation v. State Tax Commission of Missouri*, supra, 513 S.W.2d at 316. The parties treated their transaction as one where plaintiff financed the purchase of furniture for the lessee corporation. A "lease" is a security instrument under the Uniform Commercial Code if the transaction is a secured installment sale clothed in lease terminology. *Bell v. Itek Leasing Corporation*, 262 Ark. 22, 555 S.W.2d 1, 2 (1977). See also *Kupka v. Morey*, 541 P.2d 740, 746 (Alaska 1975); *McGalliard v. Liberty Leasing Company of Alaska, Inc.*, 534 P.2d 528 (Alaska 1975). We agree with defendant that the "lease" was a security device.

 The lease purports to give plaintiff the right to sell without notice. However, the statutory notice provision may not be waived or varied to the extent that it gives rights to the debtor and imposes duties on the secured party. § 400.9–501(3); *Gateway Aviation, Inc. v. Cessna Aircraft*, 577 S.W.2d 860, 862 (Mo.App.1978). The failure to receive notice prevents a deficiency judgment. Id. 577 S.W.2d at 863.

 A "debtor" is entitled to notice of sale under § 400.9–504(3), and we must decide if a guarantor is a "debtor" under this section. A "debtor" is a "person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral". § 400.9–105(1)(d). We are not cited to any cases on this question and we find no Missouri decisions answering it. However, the definition of debtor appears broad enough to include guarantors and our research indicates that the majority of jurisdictions considering this question have so held. See *Chase Manhattan Bank, N. A. v. Natarelli*, 93 Misc.2d 78, 401 N.Y.S.2d 404, 411 (Sup.Ct.1977), and cases cited therein. See also *Fedders Corporation v. Taylor*, 473 F.Supp. 961, 976

(D.Minn.1979). *Commercial Discount Corporation v. Bayer*, 57 Ill.App.3d 295, 14 Ill. Dec. 647, 650, 372 N.E.2d 926, 929 (1978), held that guarantors of a lease used for financing are entitled to notice of sale. See also *State National Bank of Evanston v. Northwest Dodge, Inc.*, 86 Ill.App.3d 90, 41 Ill.Dec. 655, 657, 408 N.E.2d 1, 3 (1980). We agree with the rationale of the majority view. Defendant was entitled to reasonable notice of the sales. We rule this point in his favor and grant him a new trial.

 Because it could also arise on retrial, we consider defendant's second point. He contends that as he guaranteed only "rentals" he is not liable for interest. A guarantor is liable for interest if he does not pay a debt which has matured against him. 38 Am.Jur.2d, Guaranty, § 76, p. 1081; 38 C.J.S. Guaranty § 57, p. 1212. Defendant would be liable for legal interest on the "rentals" after they became due. § 408.020. Defendant was not entitled to withdraw the assessing of interest from the jury. Point two is denied.

At retrial the only issue to be determined is if defendant received reasonable notice of the sales, all other issues having been now disposed of between the parties. The judgment against defendant is reversed and the cause remanded for a new trial upon that issue.

All concur.