## EXECUTIVE FINANCIAL SERVICES, INC., Plaintiff,

v.

## Robert M. GARRISON, et al., Defendants and Third Party Plaintiffs,

v.

## SPERRY CORPORATION, f/k/a Sperry Rand Corporation, Third Party Defendant.

### No. 80–0745–CV–W–8.

United States District Court,
W. D. Missouri, W. D.

March 29, 1982.

Allen J. Lebovitz, Kansas City, Mo., for plaintiff.

John F. Barry, William C. Partin, P. C., Kansas City, Mo., for defendants and third party plaintiffs.

F. Philip Kirwan, G. Steven Ruprecht, Kansas City, Mo., for third party defendant.

### ORDER

STEVENS, District Judge.

In this action plaintiff seeks a deficiency judgment against defendants for the balance due on the lease of a computer system. Defendants in turn sued the manufacturer of the system, Sperry Corporation, alleging the computer never operated properly.

Presently before the court is defendants' Motion for Partial Summary Judgment, filed August 21, 1981. If granted, the motion will dispose of plaintiff's action, but

the third-party claim will still be pending. Plaintiff filed its reply to the motion on September 22, 1981. Defendants supplemented their suggestions on October 8, 1981, and plaintiff filed an additional affidavit in reply on November 2, 1981. Finally, defendants filed second supplemental suggestions in support of the motion, and yet another affidavit of counsel, on February 10, 1982. The court heard oral argument on the motion on February 19, 1982.

The parties agree that the lease at issue was "intended to create a security interest" in the computer so as to bring the transaction within the scope of Article Nine of the Uniform Commercial Code as enacted in Missouri. V.A.M.S. § 400.9–102(1)(a) (West 1965). *Clune Equipment Leasing Corp. v. Spangler*, 615 S.W.2d 106, 107–08 (Mo.App. 1981). Defendants ceased payments on the computer after an extended period of allegedly unsatisfactory operation. Thereafter, plaintiff repossessed and resold the equipment and seeks the deficiency resulting from that sale in this action.

V.A.M.S. § 400.9–504 (West 1965) is the focus of the motion before the court. It permits the secured party to dispose of collateral after default subject to the following condition:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or *reasonable notification* of the time after which any private sale or other intended disposition is to be made *shall be sent by the secured party to the debtor* . . . .

*Id.* § 400.9–504(3) (emphasis added). Defendants contend that the emphasized language requires written notification, which was not given here, and that therefore they should have summary judgment. Plaintiff counters that actual oral notice was given to defendants and written notice is not required. Both sides have filed an assortment of affidavits on the issue of notice. Whether plaintiff gave defendants actual oral notice is hotly disputed; however, it is uncontested that no written notification of sale was sent to any of the defendants.

The parties have not cited, nor has the court found, any Missouri case which addresses the precise issue raised here; however, the nature of the notice required by U.C.C. section 9–504(3) has been the subject of conflicting decisions around the nation. *See* T. Quinn, *Uniform Commercial Code Commentary and Law Digest* ¶ 9–504[A][3][b] (1978 & Cum.Supp.1980). Some states require written notice. *See, e.g., McKee v. Mississippi Bank & Trust Co.*, 366 So.2d 234 (Miss.1979). Some permit oral notice. *See, e.g., Crest Investment Trust, Inc. v. Alatzas*, 264 Md. 571, 287 A.2d 261 (1972). Still others focus on the phrase "reasonable notification" and hold that the nature of the notice required depends upon the facts and circumstances of each case. *See, e.g., Hall v. Owen County State Bank*, 370 N.E.2d 918 (Ind.App.1977).

■ After reviewing the suggestions and affidavits filed by the parties, hearing oral arguments, and surveying additional authorities from around the country, this court has concluded that a Missouri state court, if faced with this issue, would require that notice to the debtor be in writing for at least three reasons. They follow.

First is the plain language of section 400.-9–504(3), which states "reasonable notification . . . shall be sent." Unlike the Maryland court in *Crest Investment Trust*, this court believes the words clearly contemplate the "sending" of tangible (*i.e.* written) notice. "Although several cases and an attorney general's opinion have suggested that oral notice is sufficient, these findings are almost certainly contrary to the draftsmen's intent." J. White & R. Summers, *Uniform Commercial Code* 1112 (2d ed. 1980). As defined by statute,

> "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the

circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

V.A.M.S. § 400.1–201(38) (West 1965).

It is most difficult to fit an oral message into the quoted language. Rather the subsection seems to contemplate mail or telegraphic notice. Of course, no secured party will intentionally use only oral notices and the question of the propriety of oral notice is likely to arise only when the secured creditor has failed to comply with his usual procedure for some reason.

J. White & R. Summers, *supra*, at 1112–13.

■ Second, assuming *arguendo* that the language of section 400.9–504(3) could be construed to encompass oral notice, this court believes a Missouri court would nevertheless require written notice for greater protection of the debtor. Compliance with the notice provision of section 400.9–504(3) is a prerequisite to recovery of a deficiency after resale of the collateral. *Gateway Aviation, Inc. v. Cessna Aircraft Co.*, 577 S.W.2d 860, 868 (Mo.App.1978). "Since deficiency judgments after repossession of collateral are in derogation of the common law, any right to a deficiency accrues *only after strict compliance with the relevant statutes.*" *Id.* (emphasis added). Therefore, any doubt as to what constitutes strict compliance with the notice requirement should be resolved in favor of the debtor. Written notice of sale undoubtedly affords greater protection to the interests of the debtor. *See Bank of Gering v. Glover*, 192 Neb. 575, 223 N.W.2d 56, 58–59 (1974).

Perhaps ironically, written notice also affords greater protection to the secured party because it eliminates problems of proof that inhere with oral notice. The affidavits filed in support of this motion present a classic example of the inevitable swearing match over what the creditor said and what the debtor heard. A straightforward, unequivocal requirement that written notice be sent to the debtor prior to disposition of the repossessed collateral should spare judges and litigants much grief. *See De-Lay First National Bank & Trust Co. v.*

*Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745, 749 (1976).

Plaintiff has cited *GAC Credit Corp. v. Small Business Administration*, 323 F.Supp. 795 (W.D.Mo.1971), in support of the proposition that oral notice is sufficient, but the court finds the case readily distinguishable. The issue in *GAC* concerned the notice required under V.A.M.S. § 400.9–312(3) (West 1965) in order for the holder of a purchase money security interest in inventory collateral to obtain priority over the holder of a blanket security interest in all present and after-acquired inventory of the debtor. In short, the issue was notification of one creditor by another creditor rather than notice to a debtor as in the instant case. Moreover, the phrase "has received notification" in section 400.9–312(3)(b) is not the definitional equivalent of the phrase "reasonable notification . . . shall be sent" in section 400.9–504(3). *Compare* V.A.M.S. § 400.1–201(25) & (26) (definitions of "notice" and "receives notice") *with* V.A.M.S. § 400.1–201(38) (definition of "send" quoted *supra* ).

■ Plaintiff further contends that even if it failed to send the required notice, defendants waived their right to notice by surrendering the collateral to plaintiff. Plaintiff's position is contrary to Missouri law. V.A.M.S. § 400.9–501(3) (West 1965) provides that "[t]o the extent that they give rights to the debtor and impose duties on the secured party," the rules regarding disposition of collateral contained in section 400.9–504(3) "may not be waived or varied." Paragraph 4 of the Uniform Commercial Code Comment to V.A.M.S. § 400.9–501(3) states in part:

In the area of rights after default our legal system has traditionally looked with suspicion on agreements designed to cut down the debtor's rights and free the secured party of his duties: no mortgage clause has ever been allowed to clog the equity of redemption. The default situation offers great scope for overreaching; the suspicious attitude of the courts has been grounded in common sense.

Subsection (3) of this Section contains a codification of this long-standing and

deeply rooted attitude: the specified rights of the debtor and duties of the secured party may not be waived or varied except as stated.

*Clune Equipment Leasing Corp. v. Spangler*, 615 S.W.2d 106 (Mo.App.1981), invalidated a creditor's attempt to extract a waiver prior to default: "The lease purports to give plaintiff the right to sell without notice. However, the statutory notice provision may not be waived or varied to the extent that it gives rights to the debtor and imposes duties on the secured party." *Id.* at 108. Although no Missouri case has directly considered the issue of a post-default waiver, a Maine case offers an instructive commentary on the issue:

> Article Nine nowhere alludes to the concept of "voluntary surrender." Judicial engrafting of the conception into Article Nine, more particularly to make it the basis for rendering inapplicable the § 9–504(3) requirement of reasonable notification, would be likely to induce defaulting debtors to avoid a cooperative delivery of possession of the collateral to the creditor, lest by so cooperating the debtor be held to have made a "voluntary surrender" which forfeits his right to a notification that is so central to the safeguarding of additional debtor rights to redeem or to have an appropriate disposition of the collateral. Debtor resistance to the secured party's exercise of its right to take possession of the collateral upon default . . . would severely undercut the interrelated policies infusing Article Nine: to promote peaceful repossessions and to safeguard the rights of debtors to redeem, as well as to participate in public sales or otherwise to insist upon "commercial reasonableness" in the course of other dispositions of collateral. We therefore reject the presiding Justice's view that the debtor's "voluntary surrender" of his automobile to the creditor relieved it of the obligation to comply with the notification requirement of § 9–504(3).

*Union Trust Co. v. Hardy*, 400 A.2d 384, 388 (Me.1979). *See also Hall v. Owen County State Bank*, 370 N.E.2d 918, 923–24 (Ind.

App.1977). *See generally* Annot., 9 A.L.R.4th 552 (1981).

In summary, plaintiff failed to send written notice of disposition of the collateral to defendants, and defendants in no way waived their right to notification. This court concludes that a Missouri state court faced with this fact pattern would hold that plaintiff failed to fulfill its duty of strict compliance with the notice requirement of section 400.9–504(3); moreover, it is settled in Missouri that failure to comply with this notice requirement precludes a deficiency judgment. *Clune Equipment Leasing Corp.*, 615 S.W.2d at 108; *Gateway Aviation, Inc.*, 577 S.W.2d at 862–63. *See generally* Annot., 59 A.L.R.3d 401 (1974). Pursuant to Fed.R.Civ.P. 56, it is therefore

ORDERED that summary judgment is granted in favor of defendants on plaintiff's claim for deficiency.