EXECUTIVE FINANCIAL SERVICES,
INC., Appellant,

v.

Robert M. GARRISON, Virginia C. Garrison, Robert M. Garrison, II, Christine L. Garrison and Sperry Corporation formerly known as Sperry Rand Corporation, Appellees.

No. 83–1751.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 30, 1983.

Decided Dec. 9, 1983.

John F. Barry, Partin, Partin & Barry, Kansas City, Mo., for appellees.

Allen J. Lebovitz, Kansas City, Mo., for appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Executive Financial Services, Inc. (EFS) appeals from the district court's grant of summary judgment in favor of appellees in EFS's suit for a deficiency judgment after

repossession and sale of secured collateral. EFS contends the district court erred in holding that written notice is necessary under Missouri's counterpart to Uniform Commercial Code § 9–504(3) as a prerequisite to a secured creditor's right to a deficiency judgment. EFS also alleges that appellees waived their right to notice under the statute. Finding the district court's construction of Missouri law to be reasonable, 535 F.Supp. 263, we affirm.[1]

Appellee Robert M. Garrison entered into a written agreement to lease computer equipment from EFS. Garrison became dissatisfied with the equipment, refused to make further payments and surrendered possession of the equipment to EFS which subsequently sold it. EFS then sued the Garrisons[2] for the remaining rentals due under the agreement. The Garrisons moved for summary judgment alleging that no oral or written notice of sale had been given to them. EFS claimed that oral notice had in fact been given, or, in the alternative, that the Garrisons waived their right to notice by surrendering the equipment. It is uncontested that no written notice was given by EFS to the Garrisons prior to the sale of the collateral.

The district court, following a hearing, concluded that Missouri law requires that notice to the debtor be in writing under V.A.M.S. § 400.9–504(3) (1965). The court further held that the Garrisons did not waive their right to notice. The court noted that in Missouri a secured party's failure to comply with the notice requirements in § 9–504 precludes a deficiency judgment in favor of that party. Because there was no written notice given, the district court ordered summary judgment in favor of the Garrisons. This appeal followed.

The parties agree that the transaction is within the scope of Article Nine of Missouri's commercial code since the lease was "intended to create a security interest" in the computer. V.A.M.S. § 400.9–102(1)(a) (1965). Therefore, the principal issue on appeal is whether V.A.M.S. § 400.9–504(3) requires notice to the debtor to be in writing or whether oral notice will suffice. There appears to be no Missouri case which addresses this precise issue.

V.A.M.S. § 400.9–504(3) provides in pertinent part:

> [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made *shall be sent* by the secured party to the debtor.

(Emphasis added.) Whether written notice is required under this section of the Uniform Commercial Code has been the subject of conflicting decisions among the states. *See, e.g., McKee v. Mississippi Bank & Trust Co.*, 366 So.2d 234 (Miss.1979) (written notice required); *DeLay First Nat'l Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745 (1976) (written notice required); *Crest Invest. Trust, Inc. v. Alatzas*, 264 Md. 571, 287 A.2d 261 (1972) (oral notice sufficient); *Bondurant v. Beard Equipment Co.*, 345 So.2d 806 (Fla.Dist.Ct. App.1977) (oral notice sufficient); Annot., 11 A.L.R. 4th 241, 258–62 (1982).

The district court reasoned that a Missouri court, if faced with the issue, would require written notice for several reasons. *Executive Financial Services v. Garrison*, 535 F.Supp. 263, 264 (W.D.Mo.1982). The first of these reasons is the plain language of the statute. V.A.M.S. § 400.9–504(3) states that the notice "shall be sent." It is

1. The Honorable Joseph E. Stevens, Jr., United States District Judge, Western District of Missouri.

2. Robert Garrison's wife, son and daughter-in-law were joined as guarantors of the lease. This suit originated in state court, but when the Garrisons, as third party plaintiffs, sued Sperry Corporation for breach of warranty Sperry removed the case to federal district court pursuant to 28 U.S.C. §§ 1332, 1441(c). Summary judgment was granted for the Garrisons against EFS on March 29, 1982. EFS appealed but this court dismissed the interlocutory appeal as premature. Thereafter, Garrison's suit against Sperry was settled and Garrison's counterclaim against EFS was voluntarily dismissed, thus disposing of all remaining issues and making the summary judgment final for appeal purposes.

difficult to believe that, in choosing this language, the draftsmen contemplated oral notice as being sufficient, especially when they could have just as easily used the words "shall be given" or other similar language.

Although several cases ... have suggested that oral notice is sufficient, these findings are almost certainly contrary to draftsmen's intent. Section 9–504 requires that the secured party "send" notice and 1–201(38) tells us that: ' "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage provided for and properly addressed....' It is most difficult to fit an oral message into the quoted language. Rather the subsection seems to contemplate mail or telegraphic notice.

J. White & R. Summers, *Uniform Commercial Code* 1112 (2d ed.1980).

The second reason given by the district court for requiring written notice is its belief that a Missouri court would opt for an interpretation giving greater protection to the debtor. The notice requirement protects the debtor's right to redeem the collateral. V.A.M.S. § 400.9–504 comment 5. The court cited *Gateway Aviation, Inc. v. Cessna Aircraft Co.,* 577 S.W.2d 860 (Mo. App.1978), for the proposition that since deficiency judgments were unheard of at common law, the right to a deficiency judgment accrues *"only after strict compliance with the relevant statutes." Executive Financial Services,* 535 F.Supp. at 265 (citing *Gateway, supra,* at 863). We find this interpretation to be reasonable. *See also Clune Equipment Leasing Corp. v. Spangler,* 615 S.W.2d 106 (Mo.App.1981) (notice requirement cannot be waived in security agreement).

Finally, we agree with the district court that requiring written notice also protects the secured party by eliminating the problems of proof associated with proving that oral notice was given and that it reasonably informed the debtor of the intended sale. A written notice requirement "should spare judges and litigants much grief." *Executive Financial Services,* 535 F.Supp. at 265. "The requirement of a written notice eliminates all possibility of dispute as to whether a notice was actually given. It also establishes what notice was given." *DeLay First Nat'l Bank & Trust Co., supra,* 243 N.W.2d at 749.

■ Since this question has not been determined by the Missouri courts, it was up to the district court to determine what a Missouri court would probably rule in a similar case. Where it has not been shown that the district judge misapplied the state law, we will usually defer to the view taken by the district court sitting in the state in question. *See, e.g., Mitchell v. City of Minneapolis,* 707 F.2d 490, 491 (8th Cir.1983); *Southern Farm Bureau Casualty Ins. Co. v. Mitchell,* 312 F.2d 485, 496 (8th Cir.1963). Here, the district court's construction of state law is both reasonable and permissible and we accept it.[3]

■ In addition, we agree with the district court's holding regarding EFS's contention that the Garrisons waived their right to notice by surrendering the collateral. In *Clune Equipment, supra,* the Missouri appellate court rejected a creditor's argument that the debtor waived notice prior to default. The court stated "the statutory notice provision may not be waived ... to the extent that it gives rights to the debtor and imposes duties on the secured creditor." *Id.* at 108. We believe a Missouri court

---

**3.** EFS cites *GAC Credit Corp. v. Small Business Admin.,* 323 F.Supp. 795 (W.D.Mo.1971), to require us to hold oral notice is adequate under the statute. The court there held oral notice to be sufficient under V.A.M.S. § 400.9–312(3) (1965) (notice of one creditor to another creditor for priority purposes). The language in that statute, "has received notification," is clearly distinguishable from the language in V.A.M.S. § 400.9–504(3) that reasonable notification "shall be sent." "Send notice" and "receives notice" are defined terms under the code. The definitions are different and they are used in different situations in the code depending upon the section being dealt with. *Compare* V.A. M.S. § 400.1–201(25) & (26) *with* V.A.M.S. § 400.1–201(38).

would adhere to this view if confronted with a post-default waiver. To adopt appellant's construction of the statute would discourage debtors from the cooperative delivery of possession of the collateral and would frustrate the policies of Article Nine in promoting peaceful repossessions and protecting the debtor's rights upon default. *See Union Trust Co. v. Hardy,* 400 A.2d 384 (Me.1979); *Hall v. Owen County State Bank,* 175 Ind.App. 150, 370 N.E.2d 918 (Ind.App.1977).

In sum, the judgment of the district court is affirmed.[4]

---

**4.** Since we have held written notice is required, we do not reach the Garrisons' contentions that, even if oral notice is permissible under the statute, the oral notice given here was insufficient because it did not tell the Garrisons the date on which the subsequent private sale was to take place.