**Dianna K. VAN NESS, Appellant,**

v.

**FIRST STATE BANK OF IDA GROVE, Iowa and John Hudson, Appellees.**

No. 87-1477.

Supreme Court of Iowa.

Oct. 19, 1988.

Robert B. Deck, Sioux City, for appellant.

E.A. Jacobson of Boerner & Jacobson, P.C., Ida Grove, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

Plaintiff Dianna K. Van Ness claims the First State Bank of Ida Grove, Iowa, and its loan officer, John Hudson, wrongfully disposed of her repossessed automobile. The issue is whether oral notice of the sale of the repossessed property is sufficient to satisfy the requirements of Iowa Code section 554.9504(3) (1987). This section requires that "reasonable notification of the time and place of any public sale ... shall be sent by the secured party to the debtor...." The trial court concluded that the notice requirement of this section is satisfied by the debtor's actual knowledge of the time and place of sale, which may be imparted by oral notice. We disagree with this interpretation and hold that written notice of the sale must be given.

In 1984, Van Ness financed the purchase of a used car with the bank. After becoming delinquent in her payments, the bank's loan officer demanded either payment or possession of the car. Van Ness signed a

consent to repossession. The officer informed Van Ness of the time and place of the proposed sale, but no written notice of the sale was ever sent to her.

Following the sale of the car, Van Ness brought this action against the bank and loan officer for wrongful disposition of the car.

The trial court ruling found that the loan officer had informed Van Ness of the time and method of sale. The court alluded to efforts by Van Ness' family to purchase the automobile from the bank. The bank sold the car to the person submitting the best offer.

The issue of whether the reasonable notification of sale provision in Iowa Code section 554.9504(3) requires written notice has not been addressed by this court before. When applying a state law that is based on the Uniform Commercial Code, we look to the interpretation given by other jurisdictions. The cases interpreting section 9–504(3) of the Uniform Commercial Code, however, indicate there is no clear-cut majority rule. Some jurisdictions concentrate on the word "sent" in providing for the method of notice and hold that an oral communication of a notice of either public or private sale is not the method provided by this section. *Executive Fin. Serv., Inc. v. Garrison*, 535 F.Supp. 263, 264–65 (W.D. Mo.1982); *Stoppi v. Wilmington Trust Co.*, 518 A.2d 82, 86 (Del.1986); *De Lay First Nat'l Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 402–05, 243 N.W.2d 745, 748–49 (1976). Other jurisdictions look to the general admonition of "reasonable notice" and hold that a written notice is not required as it is only one factor in determining if a notice is reasonable. *Hall v. Owen County State Bank*, 175 Ind. App. 150, 157, 370 N.E.2d 918, 925 (1977); *Crest Investment Trust, Inc. v. Alatzas*, 264 Md. 571, 575–77, 287 A.2d 261, 263–64 (1972); *MBank Dallas N.A. v. Sunbelt Mfg., Inc.*, 710 S.W.2d 633, 635–36 (Tex.App.1986).

In our interpretation of this section, we first turn to the plain words of the statute. Section 554.9504(3) requires notification "shall be sent." Defendant urges that this must be read in connection with Iowa Code section 554.1201(26) which states:

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course.... A person "receives" a notice or notification when

a. it comes to that person's attention....

If we did not look further, we would have to agree with the argument that whether the notice is written or not is only a factor in determining reasonable notice.

The plain language of the section indicates that notification shall be sent. As defined by statute:

"Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

Iowa Code § 554.1201(38). In regard to this, one commentator states:

It is most difficult to fit an oral message into the quoted language. Rather the subsection seems to contemplate mail or telegraphic notice. Of course, no secured party will intentionally use only oral notices and the question of the propriety of oral notice is likely to arise only when the secured creditor has failed to comply with his usual procedure for some reason.

J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, 1112–13 (2d Edition 1980). We believe that the clear language of this section requires a written notice.

Further, we believe that policy reasons dictate that a written notice be given. Written notice of the sale affords greater protections to both the interest of the debtor and the secured party because it shows

whether notice was given and what it said. Written notice provides proof of the actual notice given. The parties need not rely upon memory and the invariable dispute of the facts. The requirement that written notice be given should reduce litigation by providing a straightforward procedure which eliminates proof problems.

We hold that oral notice of the sale of the repossessed property is insufficient to satisfy the requirement of section 554.-9504(3). Van Ness did not appeal from the trial court's determination that the sale of the vehicle was commercially reasonable, nor did the defendant bank appeal from the dismissal of its counter-claim. Our holding requires that this matter be remanded for a determination of damages for the defendant bank's failure to comply with the notice provision. We order that this matter be remanded for the award of appropriate damages as provided in Iowa Code section 554.9507(1).

REVERSED AND REMANDED.