**MODERN AUTO COMPANY, INC.,**
**Plaintiff-Respondent,**

v.

**Vernon BELL, Defendant-Appellant.**

**No. 47974.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 25, 1984.

Peter Koneazny, Stan Platke, Dianne Taylor, St. Louis, for defendant-appellant.

Sidney A. Thayer, Jr., Washington, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is an appeal from a deficiency judgment resulting from the repossession and private sale of a Camaro automobile by plaintiff-respondent Modern Auto Company, Inc., a secured creditor. The judgment is reversed because of the failure of Modern to give defendant-appellant Vernon Bell reasonable notice of the sale after repossession.

Vernon Bell co-signed a loan for the purchase of the Camaro. The principals on the loan, his daughter and son-in-law, the Franklins, defaulted and the vehicle was repossessed. The car was subsequently re-

sold by Modern, which then brought suit and obtained judgment for $1,965.04 for the deficiency, $200 for interest and $294.76 for attorney's fees, a total of $2,459.80.

Suit was first tried in the associate circuit court and then appealed to the circuit court for a trial de novo. The Franklins were initially joined as co-defendants, but the suit against them was dismissed without prejudice because plaintiff was unable to obtain service of process. Defendant Bell lost in both courts and now brings this appeal.

The Franklins purchased the Camaro on March 16, 1981. The Franklins and Bell signed a "Motor Vehicle Time Sale Security Agreement" which listed only the Franklins' address for the "Buyer." Both the Franklins and Mr. Bell signed as "buyer." An "Application for Credit," however, listed the addresses of both the Franklins (P.O. Box 124, Gray Summit) and Mr. Bell (P.O. Box 145, Gray Summit). All three signed a promissory note.

The note was transferred to the Bank of Washington by Modern pursuant to a "full repurchase" agreement. The Franklins were periodically in arrears. The bank sent out late notices to them, but not to Mr. Bell.

The Franklins eventually defaulted and in April, 1982 voluntarily returned the car to the bank. On May 21, the bank sent by certified mail three separate "Notices of Repossession and Intent to Sell Collateral" one to each Franklin and one to Mr. Bell. The notice said that the Camaro would be sold at a private sale more than ten days from the date of the letter unless the automobile was redeemed by the payment of the $3,512.54 balance due, plus repossession costs.

All the notices, including the one directed to Vernon Bell, were sent to the Franklins' post office box, the address listed on the security agreement. Mr. Bell's notice was

marked "Refused," that is, an addressee at that box number, whose identity was not disclosed by the evidence, refused to accept delivery and the post office returned the refused notice to the bank. The post office did not attempt to notify Mr. Bell through his separate post office box, nor did the bank.

On May 25, the bank reassigned the note and security agreement to Modern in return for the pay-off of the note. Modern then sold the automobile for $1,600.00, the highest of three bids, at a private sale, without further notifying either Mr. Bell or the Franklins except through two publications in a local newspaper.

Mr. Bell asserts that the trial court erred in its finding that he had been provided with proper notice of the resale under § 400.9–504(3) RSMo. (1978).[1] This point is well taken and the judgment is reversed.

Section 400.9–504(3) provides in pertinent part: "[R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the *secured party* to the debtor ..." (emphasis added).

■ Compliance with the notice provision of § 400.9–504(3) is a prerequisite to recovery of a deficiency after resale of the collateral. *Gateway Aviation, Inc. v. Cessna Aircraft Co.*, 577 S.W.2d 860, 862[4] (Mo.App.1978); *Executive Financial Services v. Garrison*, 535 F.Supp. 263, 265[2] (W.D.Mo.1982), aff'd, 722 F.2d 417 (8th Cir.1983).

A secured party is entitled to a deficiency judgment only after strict compliance with the relevant statutes. "[A]ny doubt as to what constitutes strict compliance with the notice requirement should be resolved in favor of the debtor." *Garrison, supra,* at 265.[2]

---

1. All statutory references are to RSMo. (1978).

2. By citing *Garrison, supra,* this court neither agrees nor disagrees with the 8th Circuit's finding that Missouri law requires the notice of sale after repossession of a pledged chattel to be in writing.

Modern contends that it "stepped into the shoes of the bank of Washington" and therefore should be able to rely on the notice provided by the bank. It is not so.

The bank's notice to Mr. Bell was sent to the address shown on the security agreement, although that was not Mr. Bell's address and he did not in fact receive the notice. The parties disputed the reasonableness of that notice under the statute. It may have been statutorily reasonable if the bank had sold the Camaro, but it was not sent by Modern, the creditor which carried out the sale.

Section 400.9–504(3) requires that the secured party shall send the notice. The bank was the secured party when it sent the notice but ceased to be after Modern repurchased the paper. Modern then became the only secured party and, as the secured party was required by the statute to give notice of the sale to Mr. Bell.

Modern in fact sent no notice to Mr. Bell. Modern's sales manager testified specifically that he was not aware of whether the defendant had received any type of notice regarding the pending sale. It was not then Modern's policy to notify debtors of the resale of collateral, although that policy has since been changed. Modern was not aware of the bank's notice and cannot claim reliance on it for its failure to send out a notification.

Modern cites § 400.1–201(26) to support its argument that reasonable notification can be defined broadly to include actual notice and argues that Mr. Bell had actual notice. The statute reads in pertinent part: "A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person 'receives' a notice or notification when ... (c) it comes to his attention."

Mr. Bell testified he knew that the Franklins had returned, or were going to return, the car to the bank. This knowledge, however, is not the same as knowing when or how the secured party is going to dispose of the repossessed collateral. There was no evidence that Mr. Bell had actual notice of the sale.

The purpose of the statutory notice is to apprise the debtor of the details of the sale—the name of the seller, the time of the sale and any other pertinent information—so that the debtor may take whatever action he deems necessary to protect his interest. That purpose was not met here.

The notice sent was not reasonable notice to Mr. Bell under the statute.

Respondent's motion for damages for frivolous appeal, which was taken with the case, is necessarily denied.

The judgment is reversed.

SMITH and STEPHAN, JJ., concur.