**FIRST MISSOURI BANK & TRUST COMPANY OF CREVE COEUR, Respondent,**

v.

**Joseph D. NEWMAN, and Patricia Ann Newman, Appellants.**

No. 48130.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 7, 1984.

**768**

Charles Alan Schoene, St. Louis, for appellants.

Milton P. Goldfarb, Clayton, for respondent.

REINHARD, Chief Judge.

Plaintiff First Missouri Bank and Trust Company brought suit against defendants Joseph and Patricia Newman in seven counts, seeking recovery on various delinquent notes and overdrawn accounts. The case was tried without a jury, and judgment was entered against defendants on all seven counts. Defendant Joseph Newman[1] appeals from the judgment on four of the counts, all of which were based on secured promissory notes. We reverse and remand for a new trial on these four counts.

In 1975 and 1976, defendant entered into four financing agreements with plaintiff bank. Each of the four promissory notes was secured by a motor vehicle. Defendant defaulted on all four notes, and on May

---

1. Defendants are divorced, and only the former husband appeals.

20, 1976, the bank sent four notices informing defendant that the bank had repossessed all four vehicles. Each notice also stated:

> You have ten (10) days to redeem the collateral by presenting [the total amount owed on the note] in certified funds, to First Missouri Bank & Trust Co. ... In the event you do not choose to redeem the above described collateral, it will be sold pursuant to the Uniform Commercial Code, through the competitive bidding process to the highest bidder. You will be liable for any resulting deficiency [sic] if the proceeds of the sale are not sufficient to cover the payoff figure....

After making repairs to the vehicles, the bank sold all four of them for prices below the amounts still owed by defendants. The bank then filed this action to recover the deficiencies. Defendants filed a general denial.

At trial, the parties stipulated to the authenticity of the notes. The court accepted without objection the bank's documentary evidence, consisting of the notes and security agreements, a general ledger detailing the costs of repair and the proceeds of the sale of collateral, and a summary of the bank's requested award. Defendants then offered into evidence the four notices of resale quoted above, along with defendants' interrogatory, "State whether either Defendant was notified of the sale of the collateral held as security for repayment of notes and accounts referred to in the Petition and state the date and manner in which such notice was given," and plaintiff's affirmative answer referencing to the four notices. The bank's counsel objected to defendants' evidence on the ground that no defense of improper notice had been pleaded, but the court overruled the objection and accepted the evidence. No other evidence was admitted on the notice of resale. The bank's sole witness, an employee of the bank, testified as to the nature of the sale. However, upon defendants' objection, this testimony was stricken on the ground that the witness had no personal knowledge of the sale. Thus, no competent evidence was admitted on the nature of the sale.

On appeal, defendant urges error in the trial court's awarding a deficiency judgment on the secured notes because the bank failed to prove compliance with the statutory requirements of notice and commercial reasonableness of the sale of the collateral. Defendant bases his argument on § 400.9–504(3), RSMo.1978,[2] which governs a secured party's right to sell or otherwise dispose of collateral after a debtor has defaulted.

We first address defendant's argument that the bank did not meet the statutory notice requirements. Section 400.9–504(3) requires that when a secured party intends to sell collateral of the type presented here, reasonable notice of the sale must be sent to the debtor. The statutory requirements for reasonable notice of a public sale are different than those for a private sale. "[R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor...." *Id.* In other words, notice of a private sale may simply state the date after which the collateral will be sold; notice of a public sale must include the time and place of sale. Thus, in order to determine whether sufficient notice of the sale was sent, it may first become necessary to determine whether the sale was public or private. Here, the bank's notice meets the requirements for a private sale, but not for a public sale because no time or place was given.

Because no competent evidence was introduced on the type or manner of sale, it is impossible to discern from the record whether the sale was public or private, and therefore, whether the notice was sufficient. Thus, the issue is whether the bank or the defendants had the burden of proving compliance or non-compliance with the

---

**2.** All Missouri statutory references are to RSMo. 1978.

notice requirements. Defendant argues that, as a prerequisite to obtaining a deficiency judgment, the bank must prove that notice was sufficient. The bank argues that by failing to affirmatively plead and prove lack of notice, defendants waived that defense.

Neither the applicable Missouri statute, § 400.9–504, nor the Uniform Commercial Code § 9–504 expressly allocates the burden of proof. We are unable to find any Missouri cases on point, and neither party has cited any. However, we note that the Uniform Commercial Code Comment following § 9–504 states, "[T]his Section follows the provisions of the Section on resale by a seller following a buyer's rejection of goods (Section 2–706) [enacted in Missouri as § 400.2–706]." Construing the notice requirements of § 400.2–706 in *Anheuser v. Oswald Refractories Co.*, 541 S.W.2d 706, 711 (Mo.App.1976), this court stated:

> We hold that when a seller avails himself of the remedy afforded by 400.2–706 he must comply with all of the terms of that section and the burden of showing compliance is upon the seller. In this case there was no finding upon this issue .... Defendant [seller] offered no proof. As this case now stands defendant has not pleaded or proved that he complied with 400.2–706 and it may not recover the difference between the sale price and the contract price.

The case was reversed and remanded for a new trial.

■ The principles announced in *Anheuser* were applied to the notice requirements of § 400.9–504(3) in *Gateway Aviation, Inc. v. Cessna Aircraft*, 577 S.W.2d 860 (Mo.App.1978). In *Gateway*, this court held that because a deficiency judgment after the sale of repossessed collateral is strictly a creature of statute, the right to the deficiency accrues only when there is strict compliance with the statutory requirements. 577 S.W.2d at 863. *See also Modern Auto Co. v. Bell*, 678 S.W.2d 443 No. 47974 (Mo.App.E.D. Sept. 25, 1984); *Executive Financial Services, Inc. v. Garrison*, 535 F.Supp. 263, 266 (W.D.Mo.1982),

*aff'd* 722 F.2d 417 (8th Cir.1983) (holding that in Missouri, failure to comply strictly with notice requirements of § 400.9–504(3) precludes deficiency judgment). Although both *Gateway* and *Anheuser* involved situations in which no notice of the sale had been sent, we find the reasoning in those cases applicable to the present case, where defendant acknowledges receiving notice but claims it was insufficient to comply with the statute. We also note that in *Anheuser*, this court expressly rejected the notion that lack of notice under § 400.2–706 was an affirmative defense which must be pleaded by the defendant. 541 S.W.2d at 711. Here, because the bank offered no competent evidence of the public or private nature of the sale, we cannot determine whether the notice was sufficient to comply with the statute. The bank did not meet its burden of proof. We rule this point for defendant.

Defendants' contention that the bank failed to prove the sale was commercially reasonable under the statute is also well taken. Section 400.9–504(3) requires that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." However, the statute does not indicate which party bears the burden of proving that the sale complied or failed to comply with the statutory requirements.

■ Plaintiff bank maintains that because defendant failed to affirmatively plead the defense of commercial unreasonableness, the issue has been waived. Again, neither party cites nor can we find a Missouri case on point. Some jurisdictions hold that the secured party bears the burden of proving commercial reasonableness; others place the burden of proving commercial unreasonableness on the debtor. *See, e.g., Mallicoat v. Volunteer Finance & Loan Corp.*, 57 Tenn.App. 106, 415 S.W.2d 347 (1966) (burden of proof on secured party); *Pruske v. National Bank of Commerce of San Antonio*, 533 S.W.2d 931 (Tex.Civ.App.1976) (burden of proof on debtor). We believe the better view is that the party seeking the deficiency judgment bears the burden of proving compliance with the statutory requirement of commer-

cial reasonableness, regardless of whether the debtor affirmatively pleaded a defense of commercial unreasonableness. We so hold because the secured party has a better knowledge of the facts surrounding the sale, and because the secured party is the moving party in a deficiency action. *See* White & Summers, *Uniform Commercial Code* 1122–23 (2d ed. 1980) (citing *Mallicoat*, 415 S.W.2d 347). Our holding on this issue is in keeping with the Missouri policy requiring strict statutory compliance for the protection of the debtor. *See Gateway Aviation, Inc. v. Cessna Aircraft*, 577 S.W.2d 860 (Mo.App.1978). This point is also ruled in favor of defendant.

■ Although we find the trial court erred in entering a judgment for plaintiff on the evidence before it, we decline to reverse outright. Because the record indicates that not all of the evidence available was presented to the trial court, the case should be remanded to give the parties the opportunity to develop the issue. *Swope v. Printz*, 468 S.W.2d 34 (Mo.1971); *Rockett v. Pepsi-Cola Bottling Co.*, 460 S.W.2d 737 (Mo.App.1970). The judgment on the four counts appealed is reversed and remanded for a new trial.

KAROHL and CRANDALL, JJ., concur.