**NORITSU AMERICA CORPORATION, Plaintiff,**

v.

**The OPTIC SHUTTER, INC., Joan Konieczny, William R. Wilson, Jean M. Kaiser and Mary Busekrus, Defendants.**

**No. 88–2237 C (5).**

United States District Court, E.D. Missouri, E.D.

Nov. 7, 1989.

Gary E. Snodgrass, Steven H. Schwartz, Brown, James & Rabbitt, St. Louis, Mo., for plaintiff.

Arthur S. Hyatt, Clayton, Mo., for Koniecnzy and Kaiser.

Dennis B. Mertz, Richmond Heights, Mo., for defendant Wilson.

Timothy Belz, St. Louis, Mo., for Mary Busekrus.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff filed this two-count action against defendants for replevin and breach of contract. The action arose out of defendants' default on an agreement to lease photography equipment (lease agreement). Defendant Joan Konieczny and Jean Kaiser filed a cross-claim against The Optic Shut-

ter and William Wilson alleging that Wilson, as an agent of The Optic Shutter, procured the signatures of Konieczny and Kaiser on the lease agreement by misrepresentation. This cause is before the Court on plaintiff's motion for summary judgment against all defendants, or in the alternative, motion for default judgment against defendant The Optic Shutter, Inc.

Courts have repeatedly recognized that summary judgment is a harsh remedy which courts should only grant when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mutual Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *City of Mt. Pleasant, Iowa v. Assoc. Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Federal Rules of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court shows that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden of proof is on the moving party. *City of Mt. Pleasant*, 838 F.2d at 273. Once the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the non-moving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the non-moving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

On June 13, 1987 plaintiff entered into a lease agreement with defendants The Optic Shutter, Inc., William Wilson, Jean M. Kaiser, Mary Busekrus and Joan Konieczny. Defendants Wilson, Kaiser, Konieczny and Busekrus also signed personal guarantees for the obligations of The Optic Shuter, Inc. under the lease agreement. Under the lease agreement, plaintiff leased to defendants photography equipment and accessories, including a Noritsu QSS–1001 RA–5 and DFP–6 system (1001 system) and a Noritsu QSS–602 WL system (602 system). Defendants agreed to make monthly payments to plaintiff for a total of sixty months. After entering into the lease agreement, plaintiff sold the rights to receive payment under the lease agreement to Citicorp Industrial Credit Corporation (Citicorp).

In December, 1987 defendants fell behind in their payments and were in default under the terms of the lease agreement. On March 28, 1988 plaintiff repurchased from Citicorp the right to receive payment under the lease agreement for the amount then outstanding, which totalled $126,665.16. On November 18, 1988 plaintiff notified defendants by certified mail, return receipt requested, of plaintiff's intent to accelerate the payments on the lease and demand immediate payment of the full amount due. Defendants failed to make the demanded payments. On November 18, 1988 plaintiff filed this action and requested the Court to replevin the leased property from defendants. The Court issued an order of delivery in replevin, and the United States Marshall replevined the equipment on November 30, 1988. Plaintiff incurred an expense of $1,808.00 in transporting the equipment

to plaintiff's office in California, and an expense of $3,000.00 in refurbishing the equipment for resale.

On January 24, 1989 plaintiff notified defendants by certified mail, return receipt requested, of plaintiff's intent to make a private sale of the replevined equipment. In March, 1989 plaintiff resold the entire 602 system except for two items for a net sale price (gross sale price less system discount) of $39,190.00. The two items not sold have a resale retail value of $870.00. In April, 1989 plaintiff sold the 1001 system for a net sale price (gross sale price less system discount) of $47,874.71. The 1001 system and 602 system were sold in the ordinary course of plaintiff's business and the prices obtained for each system represented the fair market value for used equipment.

The lease agreement provides that upon default plaintiff is entitled to obtain immediate possession of the equipment, sell it at a private sale, and demand the lessees to pay all unpaid rents under the lease plus interest at a rate of 10% per annum. The lessees are also liable for all legal fees and other costs and expenses resulting from their defaults or the exercise of plaintiff's remedies. Plaintiff requests the Court to award as damages the following: $43,-540.45[1], plus interest at 10% per annum from March 28, 1988 plus attorneys' fees and costs. All damages sought are authorized by the lease agreement in paragraphs 8 and 12.

■ Defendants Koniecnzy and Kaiser, responding to plaintiff's motion for summary judgment, seek for the Court to deny the motion for summary judgment on basically four grounds. First, defendants allege that in the resale of the replevined equipment, plaintiff failed to comply with Mo.Rev.Stat. § 400.9–504 (Supp.1989), and therefore plaintiff is not entitled to a deficiency judgment. Mo.Rev.Stat. § 400.9–504 requires that plaintiff provide defendants with reasonable notification of the sale. Plaintiff sold the replevined equipment in a private sale which was authorized by the lease agreement in paragraph 8(v). To satisfy Mo.Rev.Stat. § 400.9–504(3), notice of a private sale may simply state the date after which the assets will be sold. *First Missouri Bank & Trust Co. of Creve Coeur v. Newman*, 680 S.W.2d 767, 769 (Mo.App.1984). Plaintiff provided defendants with proper notice when it sent each defendant a certified letter, return receipt requested, listing the replevined equipment to be sold in a private sale on or after February 3, 1989.

■ Mo.Rev.Stat. § 400.9–504(3) also requires that "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." Plaintiff asserts in an affidavit by a corporate officer that the replevined equipment was sold in the ordinary course of plaintiff's business and the prices obtained for each system are that which plaintiff usually obtains for this type of used, refurbished equipment. By the factual allegations set forth in its motion for summary judgment plaintiff has discharged its burden on the issue of commercial reasonableness. Although defendants attempt to call into question the commercial reasonableness of the sale, they fail to set forth any specific facts showing that there is evidence to allow a factfinder to conclude the sale was not commercially reasonable. Defendants, at the very least, could have submitted the sworn testimony of a retailer of similar photography equipment which stated that the equipment was worth considerably more than the price obtained by plaintiff. By not setting forth any factual allegations, defendants have failed to persuade the Court that there exists a question of

---

**1.** The damages figure of $43,540.45 is calculated as follows:

| | |
|---|---|
| $126,667.16 | (outstanding balance of lease agreement) |
| −47,874.71 | (net sale price of 1001 system) |
| −39,190.00 | (net sale price of 602 system) |
| −870.00 | (fair market value of 2 items not sold) |
| $ 1,808.00 | (transportation costs) |
| 3,000.00 | (cost of refurbishing equipment) |
| $ 43,540.45 | |

In its complaint plaintiff seeks damages of $42,-540.45 instead of $43,540.45. The $1,000.00 difference is due to a clerical error in plaintiff's calculation of damages.

material fact as to whether the sale was commercially reasonable.

■ Second, defendants allege that plaintiff failed to comply with the notice requirements of Mo.Rev.Stat. § 408.557.2 (Supp.1989). The Court concludes that the notice requirements of Mo.Rev.Stat. § 408.557.2 do not apply in the current action. Mo.Rev.Stat. § 408.557 governs an action for a deficiency judgment which was commenced after the collateral was repossessed and sold. In the current action, plaintiff filed suit for the full outstanding balance on the lease agreement, properly replevined and sold the photography equipment, and credited the amount of the sales against the outstanding balance. The first amended complaint, which sought damages of $126,667.16 for the outstanding balance of the lease agreement, provided defendants with sufficient notice that plaintiff would not settle for the current market value of the equipment and may pursue a deficiency judgment after a replevin and sale.

■ Third, defendants allege that Missouri Rule of Civil Procedure 99.13 (Rule 99.13) disallows the Court from granting summary judgment because the "value of the leased equipment is up to the court or jury and not a matter for summary judgment." The Court interprets Rule 99.13 to be inapposite. Rule 99.13 gives the prevailing party in a replevin action the right to make "an election between the return of the property or the payment of the value thereof assessed by the court or jury. . . ." Plaintiff, who is obviously the prevailing party in the replevin, has already had the property returned. Rule 99.13 cannot be construed to give defendants the right to have the value of the property assessed by a court or jury.

Fourth, defendants assert that they did not have an opportunity to undertake discovery to determine whether plaintiff complied with all the provisions of Mo.Rev.Stat. § 400.9–504. The Court believes that in the exhibits filed with plaintiff's motion for summary judgment, plaintiff provided defendants with sufficient information to perform discovery and effectively respond to the summary judgment motion if a question of material fact could be raised.

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment. Pursuant to the order filed herein this day, judgment is entered in favor of plaintiff and against defendants on the merits of plaintiff's complaint. The Court awards to plaintiff the following damages: $43,540.45, plus interest at a rate of 10% per annum from March 28, 1988, plus attorneys' fees and costs. The granting of plaintiff's summary judgment motion does not affect the cross-claim among defendants.