**RWR, INC., d/b/a Reed Trucking, Plaintiff–Respondent,**

v.

**DFT TRUCKING, INC., and Gene Day, Defendants–Appellants,**

**Lois Day, Arthur Day, Laura Young and Elsa Day, Defendants.**

No. 19606.

Missouri Court of Appeals,
Southern District,
Division One.

April 21, 1995.

Motion for Rehearing and Transfer to Supreme Court Denied May 16, 1995.

Daniel T. Moore, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for defendants-appellants.

Jeffrey P. Hine, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for plaintiff-respondent.

MONTGOMERY, Judge.

This dispute arose out of a contract styled "Lease of Motor Vehicles and Trailers with Option to Purchase" between RWR, Inc., d/b/a Reed Trucking (Plaintiff), and DFT Trucking, Inc. (DFT). Performance of the agreement by DFT was guaranteed by Gene Day, President of DFT, and four of his family members.

Under the contract terms DFT took possession of four trucks and four trailers from Plaintiff and agreed to pay a monthly sum for the use of the vehicles. Upon payment of all sums due, the contract gave DFT the option to purchase the vehicles for $10 each.

Initially, DFT made the required monthly payments. Later, apparently due to DFT's financial problems, Plaintiff and Gene Day agreed to reduce the monthly payments. After DFT eventually defaulted on the reduced payments, the collateral was voluntarily surrendered to Plaintiff.[1] This deficiency action was commenced against DFT and the five guarantors following Plaintiff's sale of the collateral at private sale.

A few months after the suit was filed, Plaintiff filed a motion for summary judgment, supported only by the affidavit of R. Winston Reed, who was Plaintiff's president. Reed's affidavit recited most of the facts just mentioned and further stated:

> After giving Defendant DFT Trucking notice, the three remaining trailers were sold on July 21, 1992 for $8,500 each for a total of $25,500. After notice was given to DFT Trucking, Inc., the 1988 Freightliner was sold on November 13, 1992 for $22,-000. After notice was given to DFT Trucking, Inc., the two 1987 Western Star trucks were sold on November 16, 1992 for $15,000 each for a total of $30,000.

Defendants filed a countermotion for summary judgment alleging that Plaintiff failed to comply with the notice provisions of § 400.9–504(3),[2] and as a result, Defendants claimed that Plaintiff was not entitled to a deficiency judgment.

---

1. One truck and trailer was destroyed in an accident, and Plaintiff received the insurance proceeds. This lawsuit involves the three remaining trucks and trailers.

2. Statutory references are to RSMo Supp.1991, unless otherwise indicated.

After Plaintiff limited its request for summary judgment as to the count against DFT, the trial court determined Plaintiff was entitled to summary judgment against DFT as a matter of law. The trial court specifically found that the contract in question was an installment sales contract and security agreement within the meaning of the Uniform Commercial Code. At the same time, Defendants' summary judgment request was denied.

When the case was eventually tried before the court, the only issues concerning the remaining Defendants centered on (1) whether Plaintiff complied with the Uniform Commercial Code requirements on the disposition of collateral and specifically, notice of sale provisions in § 400.9–504(3), and (2) whether the individual Defendants consented to an alteration of the contract reducing the monthly payments.

The trial court found in favor of the individual defendants, except for Gene Day, on the basis that their obligation under the contract was extinguished when the contract terms were materially altered without their knowledge or consent. As to Gene Day, the trial court found that he consented to the altered payment terms and remained liable to Plaintiff as a guarantor. The trial court found that Plaintiff gave proper notice concerning the sale of the collateral and that Plaintiff sold the vehicles in a commercially reasonable manner. Judgment was entered against DFT and Gene Day for $120,651.25.

DFT and Gene Day appeal, claiming only that the trial court erroneously granted Plaintiff judgment because Plaintiff failed to prove compliance with the notice provisions of § 400.9–504, which is a prerequisite to obtaining a deficiency judgment. DFT and Gene Day claim that, as a matter of law, Plaintiff had the burden to prove compliance with the statutory notice provisions and failed to do so. We agree.

Because DFT appeals from a summary judgment, our review is based on the standards enumerated in *ITT Commercial Fin. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Id.* at 376 (citations omitted). "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

■ Our review of the judgment against Gene Day is governed by Rule 73.01(c) and the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

■ After repossession of collateral a secured creditor is required to give the debtor notice concerning disposition of the collateral. Section 400.9–504(3) provides, in pertinent part, that:

Disposition of the collateral may be by public or private proceedings.... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.

In the instant case, the collateral is the type which requires reasonable notice of sale to the debtor, and the issue concerns only whether Plaintiff sent proper notice of a private sale to debtors. A sufficient notice of private sale is one which states "the date after which the collateral will be sold." *First Missouri Bank & Trust Co. v. Newman,* 680 S.W.2d 767, 769 (Mo.App.1984).

DFT and Gene Day complain that Plaintiff failed to send any notice of sale of "the collateral" which complied with the statute. Plaintiff asserts the debtors were sent three such notices.

The first alleged notice Plaintiff sent was a letter dated May 27, 1992, informing debtors that payments under the contract were in arrears and that debtors had ten days to cure the default. No sale of the collateral was mentioned.

The next alleged notice was a letter from Plaintiff dated July 30, 1992, informing debtors that Plaintiff had "repossessed the remaining three trucks" and if "DFT Trucking does not redeem the property within the next 15 days, the property will be sold at a public or private sale." Understandably, this letter does not mention the three trailers because Plaintiff had sold them nine days earlier. Furthermore, this letter does not give the date after which the collateral will be sold.

From *Newman,* we know that a notice of a private sale is insufficient unless the notice gives a date after which the collateral will be sold. Plaintiff's first two letters obviously fail to comply with the statutory notice requirements.

The remaining notice relied upon by Plaintiff is a letter dated October 27, 1992 to debtors which informed them that the three trucks would be sold "on or after November 13, 1992." Again, this letter fails to mention the trailers. According to the evidence, the trucks were sold as stated in this notice.

Certain well-established principles guide our decision on whether Plaintiff complied with the statutory notice requirements involved here. The "No Notice—No Deficiency" rule originated with *Gateway Aviation, Inc. v. Cessna Aircraft,* 577 S.W.2d 860 (Mo. App.1978), which held that before a secured party can obtain a deficiency judgment, notice of sale of the collateral must be given to the debtor as required by § 400.9–504(3). The appellate courts in Missouri have consistently followed *Gateway. Cherry Manor, Inc. v. American Health Care, Inc.,* 797 S.W.2d 817, 820 (Mo.App.1990).

■ A secured party seeking a deficiency judgment bears the burden of proving compliance with § 400.9–504(3), including the burden of proving sufficiency of the notice. *Lendal Leasing v. Farmer's Wayside Stores,* 720 S.W.2d 376, 379 (Mo.App.1986); *Newman,* 680 S.W.2d at 769–70. "The right to a deficiency judgment accrues only when there is strict compliance with statutory requirements." *Chrysler Capital Corp. v. Cotlar,* 762 S.W.2d 859, 861 (Mo.App.1989); *Newman,* 680 S.W.2d at 770. Any doubt concerning compliance with § 400.9–504(3) must be resolved in favor of the debtor. *Boatmen's Bank of Nevada v. Dahmer,* 716 S.W.2d 876, 877 (Mo.App.1986); *Modern Auto Co. v. Bell,* 678 S.W.2d 443, 445 (Mo. App.1984).

■ Two other principles in this type of case apply to the instant action. Voluntary surrender of the collateral by the debtor to the creditor does not waive the debtor's right to notice and the statutory notice provision may not be waived or varied. *Boatmen's Bank of Nevada,* 716 S.W.2d at 878; *Clune Equip. Leasing Corp. v. Spangler,* 615 S.W.2d 106, 108 (Mo.App.1981). A guarantor (such as Gene Day) is a debtor within the meaning of § 400.9–504(3) and is, therefore, entitled to notice the same as the maker of the note. Section 400.9–105(1)(d). *Clune Equip. Leasing Corp.,* 615 S.W.2d at 108.

■ We are unable to determine that Plaintiff's letter of October 27, 1992, strictly complied with the statutory notice requirements when it gave no notice of sale of three trailers even though the letter arguably gave proper notice of sale of the remaining collateral. The purpose of notice is to apprise the debtor of the sale details so that the debtor may take appropriate action to protect his or her interest. *Modern Auto Co.,* 678 S.W.2d at 445. That purpose was not met here as to the sale of the trailers.

The parties do not cite nor do we find a case dealing with the precise circumstances of this case. However, Missouri cases clearly hold that a right to a deficiency accrues only after strict compliance with § 400.9–504(3). Plaintiff had the burden of proving such compliance. As a matter of law, we hold that Plaintiff failed to show strict compliance with the notice requirements of the statute. The statute requires notice of sale of the collateral, not just a portion of it.

The judgment is reversed.

SHRUM, C.J., and FLANIGAN, J., concur.